**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LASHIYA DANEASH STEWART | **DEFENDANTS**<br>ZUNTAFI CORP |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Solvent Law<br>2223 5th Street<br>PO Box 10860<br>Saint Paul, MN 55110    (651) 374-8883 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determine the dischargeability of a debt under 11 U.S.C. §523(a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>LASHIYA DANEASH STEWART || BANKRUPTCY CASE NO.<br>23-30503 ||
| DISTRICT IN WHICH CASE IS PENDING<br>District of Minnesota || DIVISION OFFICE<br>Fourth Division - St. Paul | NAME OF JUDGE<br>Hon. William J Fisher |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>LASHIYA DANEASH STEWART | DEFENDANT<br>ZUNTAFI CORP || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Jeffrey Bursell* ||||
| DATE<br>02/15/2024 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey Bursell ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA FOURTH DIVISION (ST. PAUL)

| | |
|---|---|
| In Re:<br>LASHIYA DANEASH STEWART,<br>    Debtor. | In Proceedings Under Chapter 7<br><br>Bankruptcy Case No.: 23-30503 |
| LASHIYA DANEASH STEWART,<br>    Plaintiff,<br>vs.<br>ZUNTAFI CORP,<br>    Defendants. | Adversary Case No.: |

## I.     PLAINTIFF'S COMPLAINT

Plaintiff LaShiya Daneash Stewart files this Complaint against Defendant, ZuntaFi Corp ("ZuntaFi"), on personal knowledge as to Plaintiff's own acts and upon information and belief as to all other matters, as follows:

## II.     PARTIES

**A. Plaintiff**

LaShiya Daneash Stewart is a citizen of the State of Minnesota, residing at 4835 Babcock Trail, Apt 205, Inver Grove Heights.

**B. Defendant**

ZuntaFi is the holder of the loans that are in dispute.

ZuntaFi can be served at 5098 Washington St W Ste. 407, Charleston, WV, 25313; PO Box 495, Sioux Falls, SD 57101; and 2101 W 41st St Ste. 2000, Sioux Falls, SD 57105-6193.

## III.     JURISDICTION AND VENUE

A. This Adversary Proceeding is brought under Case Number 23-30503.

B. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §1334(b) and 28 U.S.C § 157(b).

C.  This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C §1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt.

D.  Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

E.  Plaintiff consents to entry of final Orders or Judgment by the Bankruptcy Court.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

A.  **Dischargeability of Student Loans**

1.  Congress has excluded student loan debt from the general discharge provision of the bankruptcy code unless "excepting such debt from discharge…would impose an undue hardship on the debtor and the debtor's dependents."[1]

2.  The Bankruptcy Code does not define "undue hardship," but every circuit has adopted a test to determine the presence of undue hardship.[2]

3.  The TOC test, adopted by this jurisdiction, directs courts to consider additional facts and circumstances affecting a debtor's ability to pay student loans, including the following:

    a.  The debtor's past and present financial resources, and financial resources the debtor can reasonably rely on in the future;

    b.  The debtor and dependent's reasonably necessary living expenses; and

---

[1] 11 U.S.C. § 523 (a) (8)

[2] First Circuit: *Parvizi v. United States (In re Parvizi)*, 641 B.R. 729 (B.A.P. 1st Cir. 2022); Second Circuit: *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987); Third Circuit: *Brightful v. Pa. Higher Educ. Assistance Agency (In re Brightful)*, 267 F.3d 324 (3d Cir. 2001); Fourth Circuit: *Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393 (4th Cir. 2005); Fifth Circuit: *United States Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89 (5th Cir. 2003); Sixth Circuit: *Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382 (6th Cir. 2005); Seventh Circuit: *Goulet v. Educ. Credit Mgmt. Corp.*, 284 F.3d 773 (7th Cir. 2002); Eighth Circuit: *Long v. Educ.Credit Mgmt. Corp. (In re Long)*, 322 F.3d 549 (8th Cir. 2003), 661 F.2d 702 (8th Cir. 1981); Ninth Circuit: *Rifino v. United States (In re Rifino)*, 245 F.3d 1083 (9th Cir. 2001); Tenth Circuit: *Educ. Credit Mgmt. Corp. v. Polleys*, 356 F.3d 1302 (10th Cir. 2004); Eleventh Circuit: *Hemar Ins. Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238 (11th Cir. 2003).
See also *Student Loan Discharge Guidance -- Guidance Text*, (Nov. 17, 2022), https://www.justice.gov/d9/pages/attachments/2022/11/17/student_loan_discharge_guidance_-_guidance_text_0.pdf

    c. Any other relevant facts and circumstances surrounding each particular bankruptcy case[3]

4. The Eight Circuit adopted the TOC test in *Long v. Educ. Credit Mgmt. Corp.* to define "undue hardship" when discharging student loan debt.[4]

    a. In *Long*, the TOC test determines whether a debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt while also allowing for a minimal standard of living.[5]

    b. The Court noted that "this determination will require a special consideration of the debtor's present employment and financial situation—including assets, expenses, and earnings—along with the prospect of future changes—positive or adverse—in the debtor's financial position."[6]

    c. In *Long,* the Eighth Circuit rejected the *Brunner* test, emphasizing that "requiring our bankruptcy courts to adhere to the strict parameters of [the *Brunner*] test would diminish the inherent discretion contained in §523(a)(8)(B)….[F]airness and equity require each undue hardship case to be examined on the unique facts and circumstances that surround the particular bankruptcy."[7]

5. Eighth Circuit bankruptcy courts have considered additional factors when determining if undue hardship may discharge student loans.

    a. In *Ashline v. United States Dept. of Education,* the court allowed discharge of a debtor's student loans because no evidence suggested the debtor would be able to leverage her unused master's degree to obtain a higher paying job in the future, her expenses were modest and commensurate with her resources, and participation and completion of an Income Based Repayment plan had a

---

[3] *Brunner* at 395
[4] 322 F.3d 549 (8th Cir. 2003).
[5] *Id.*
[6] *Id.* at 555
[7] *Id.* at 554

reasonable likelihood of resulting in her trading a student loan debt for an IRS debt.[8]

b. In *Long v. Educational Credit Management Corporation,* the appellate panel took into consideration the debtor's testimony as to her medical symptoms in determining her present and future circumstances.[9]

c. In *Fahrer v. Sallie Mae Serv. Corp.,* the court stated another factor to consider would be the psychological and emotional impact of the debtor's continuing liability for the repayment of such a large sum or money over such an extended period of time.[10]

B. **<u>Assessment of Present Circumstances</u>**

Plaintiff is unable to presently maintain a "a minimal standard of living" while making student loan payments. Below is a summary:

1. Plaintiff filed for bankruptcy in the court on March 17, 2023.
2. Plaintiff confirms that the student loan information included is correct and complete.
3. The outstanding balance of the student loan(s) Plaintiff is seeking to discharge in this adversary proceeding is approximately $36,989 plus interest and fees.
4. The current monthly payment on such loan(s) is $150.00.
5. Plaintiff incurred the student loans that she seeks to discharge while attending Institute of Production and Recording.
6. In May 2005, Plaintiff received a Certificate in Audio Engineering.
7. Plaintiff does not have the ability to make the payments on her student loans while maintaining a minimal standard of living for herself and her dependents.
8. Plaintiff is currently employed as a Medical Assembly associate at Interger.
9. Plaintiff's current monthly household gross income from all sources is $3074.00.

---

[8] *Ashline v. United States Dep't of Educ.* (In re Ashline), 634 B.R. 799
[9] *Long v. Educ. Credit Mgmt. Corp.* (In re Long), 271 B.R. 322
[10] *Fahrer v. Sallie Mae Serv. Corp.* (In re Fahrer), 308 B.R. 27, *citing Reynolds v. Pennsylvania Higher Educ. Assistance Agency,* 303. B.R. 823, 836-37 (D. Minn. 2004).

10. The current monthly household gross income stated above represents an average amount calculated from the most recent two months of gross income states on consecutive paystubs from her current employment.
11. Despite Plaintiff's modest and necessary living expenses coming in below IRS national and local standards, she is unable to maintain a minimal standard of living.

C. **Assessment of Future Circumstances**
   1. Plaintiff's reasonable future financial resources will not sufficiently cover payment of her student loan debt and her inability to pay is likely to persist in the future.
   2. Since incurring her student loan debt, Plaintiff's employment inconsistent. She is unable to advance her position at work as she is raising her two children (ages 5 and 11) on her own.
   3. Plaintiff has been attempting to pay down her student loans for 14 years, having made at least 120 payments, and has been unable to make significant headway in reducing the amount of debt, rather the debt has continued to grow. These circumstances are unlikely to improve in the near future as she is unable to increase her current income given her role as a single parent.
   4. Plaintiff incurred a portion of her student loan debt at a non QEL school, Minnesota School of Business.
   5. Plaintiff's modest and reasonable expenses do not account for uninsured medical expenses. It is reasonable to expect that Plaintiff's uninsured medical expenses will increase as her children age and may need dental care or other uncovered medical treatment in the future.
   6. Plaintiff will not be able to increase her income to a level she could pay her loans and maintain a minimal standard of living for the foreseeable future.

D. **Assessment of Good Faith**
   1. Plaintiff has evidenced good faith in attempting to make payments on her student loans.

2. Plaintiff has communicated with the servicer in attempts to lower payments and receive deferments or forbearances in order to manage the loans. These efforts were fruitless though as the interest merely compounded and increased her overall student loan debt.

3. Plaintiff has sought assistance from a third party regarding the management of her student loan debts.

## V. CLAIMS FOR RELIEF

A. **Count One: Determination of Dischargeability**

1. Plaintiff re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

2. Plaintiff is entitled to discharge of her student loan debt, either in whole or in part, because repayment is, and will continue to be, an undue hardship on her and her dependents.

3. Plaintiff meets the standard for undue hardship as articulated in the Totality-of-the- Circumstances test.

4. Accordingly, Plaintiff prays this Court discharge her student debt in part or in total.

Dated: February 15, 2024

       */s/ Kenneth Neeley*
Kenneth Neeley
**NEELEY LAW FIRM PLC**
1120 S. Dobson Rd Ste 230
Chandler, AZ 85286
Tel: 480.802.4647
ECF@neeleylaw.com
Attorney Reg: AZ 025899
*Attorney for Debtor*

       */s/ Jeffrey Bursell*
Jeffrey Bursell
**Solvent Law PLLC**
P.O. Box 10860
St. Paul, MN 55110
Tel: 651.371.4026
Attorney Reg: MN 0293362
jeff@solventlaw.com
*Co-counsel for Debtor*