**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA FOURTH DIVISION (ST. PAUL)**

| | |
|---|---|
| In Re: <br> LASHIYA DANEASH STEWART, <br> Debtor. <br> LASHIYA DANEASH STEWART, <br> Plaintiff, <br> vs. <br> ZUNTAFI CORP, <br> Defendants. | In Proceedings Under Chapter 7 <br><br> Bankruptcy Case No.: 23-30503 <br><br> Adversary Case No.: 24-03019 <br><br> **MOTION FOR DEFAULT JUDGMENT** <br> **(Declaratory Relief)** |

Plaintiff, LaShiya Daneash Stewart, by and through her attorney of record, moves this Court to enter judgment against Defendant, ZuntaFi Corp ("ZuntaFi") pursuant to Federal Rule of Civil Procedure 55(b)(2) and Fed. R. Bankr. P. 7055. The complaint in this matter seeks a declaration that the loans held by Defendant were not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8), and that they were, in fact, discharged pursuant to 11 U.S.C. § 727. By failing to answer the complaint, Defendant has admitted that their claims are dischargeable. This motion is supported by the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff filed the Complaint in this adversary proceeding on July 31, 2017 (Docket No. 1). Plaintiff served the Complaint on February 16, 2024 (Docket No. 3). On May 24, 2024 Plaintiff applied for entry of default against Defendant, because Defendant failed to answer the complaint or otherwise appear. Plaintiff anticipates that the clerk will enter default. By its default, Defendant will have admitted the well-pleaded averments of the complaint. Fed. R. Civ. P. 8(b)(6); Fed. R. Bankr. P. 7008. The Plaintiff therefore seeks judgment from this court.

The Plaintiff, Ms. Stewart, attended Institute of Production and Recording ("IPR"), a trade school in Minnesota from 2003-2005. Debtor applied for and received loans (the "Loans") from Academic Funding Group ("AFG") to fund her schooling at IPR during

each of the years she attended school there. Defendant, ZuntaFi, is successor in interest to AFG as the holder of the promissory notes giving rise to the claim for which Plaintiff seeks a determination.

## NON-QUALIFIED EDUCATIONAL LOAN

The Loans, as originally made by AFG, were not made, insured, or guaranteed by a governmental unit. The Loans, as originally made by AFG, were not made under any program partially or fully funded by a governmental unit or nonprofit institution. At the time Debtor attended IPR, the school was not a "Title IV" eligible school. IPR was later closed in 2023.

11 U.S.C. § 523(a)(8) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>
> (A)
>
> (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

Because the Loans were not "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution"; did not constitute "an obligation to repay funds received as an educational benefit, scholarship, or stipend"; and the Loans did not constitute "qualified education

loan[s]" due to IPR's lack of "Title IV" eligibility status at the time Ms. Stewart attended IPR, none of the exceptions to discharge contained in 11 U.S.C. § 523(a)(8) apply to the Loans.

## UNDUE HARDSHIP

Plaintiff is also entitled to discharge due to "undue hardship" provision in 11 U.S.C. § 523(a)(8). The Eight Circuit adopted the TOC test in *Long v. Educ. Credit Mgmt. Corp.* to define "undue hardship" when discharging student loan debt.[1]

A.  **Assessment of Present Circumstances**

Plaintiff is unable to presently maintain a "a minimal standard of living" while making student loan payments. Below is a summary:

1. Plaintiff filed for bankruptcy in the court on March 17, 2023.
2. Plaintiff confirms that the student loan information included is correct and complete.
3. The outstanding balance of the student loan(s) Plaintiff is seeking to discharge in this adversary proceeding is approximately $36,989 plus interest and fees.
4. The current monthly payment on such loan(s) is $150.00.
5. Plaintiff incurred the student loans that she seeks to discharge while attending Institute of Production and Recording.
6. In May 2005, Plaintiff received a Certificate in Audio Engineering.
7. Plaintiff does not have the ability to make the payments on her student loans while maintaining a minimal standard of living for herself and her dependents.
8. Plaintiff is currently employed as a Medical Assembly associate at Interger.
9. Plaintiff's current monthly household gross income from all sources is $3074.00.
10. The current monthly household gross income stated above represents an average amount calculated from the most recent two months of gross income states on consecutive paystubs from her current employment.
11. Despite Plaintiff's modest and necessary living expenses coming in below IRS national and local standards, she is unable to maintain a minimal standard of living.

---

[1] 322 F.3d 549 (8th Cir. 2003).

B. **Assessment of Future Circumstances**

1. Plaintiff's reasonable future financial resources will not sufficiently cover payment of her student loan debt and her inability to pay is likely to persist in the future.
2. Since incurring her student loan debt, Plaintiff's employment inconsistent. She is unable to advance her position at work as she is raising her two children (ages 5 and 11) on her own.
3. Plaintiff has been attempting to pay down her student loans for 14 years, having made at least 120 payments, and has been unable to make significant headway in reducing the amount of debt, rather the debt has continued to grow. These circumstances are unlikely to improve in the near future as she is unable to increase her current income given her role as a single parent.
4. Plaintiff incurred a portion of her student loan debt at a non QEL school, Minnesota School of Business.
5. Plaintiff's modest and reasonable expenses do not account for uninsured medical expenses. It is reasonable to expect that Plaintiff's uninsured medical expenses will increase as her children age and may need dental care or other uncovered medical treatment in the future.
6. Plaintiff will not be able to increase her income to a level she could pay her loans and maintain a minimal standard of living for the foreseeable future.

C. **Assessment of Good Faith**

1. Plaintiff has evidenced good faith in attempting to make payments on her student loans.
2. Plaintiff has communicated with the servicer in attempts to lower payments and receive deferments or forbearances in order to manage the loans. These efforts were fruitless though as the interest merely compounded and increased her overall student loan debt.
3. Plaintiff has sought assistance from a third party regarding the management of her student loan debts.

**WHEREFORE** the Plaintiffs are entitled to a judgment as follows:

1. Finding that the Loans were not excepted from discharge pursuant to 11 U.S.C. § 523(a)(8) since they were not qualified student loans;

2. Finding that the Plaintiff meets the undue hardship standard; and

3. Holding that the Loan is therefore discharged pursuant to 11 U.S.C. § 727.

DATED: May 24, 2024　　　　　　　　　　　　　　　　　　　**NEELEY LAW FIRM, PLC**

　　　　　　　　　　　　　　　　　　　*s/ Jeffrey Bursell*
　　　　　　　　　　　　　　　　　　　Jeffrey Bursell
　　　　　　　　　　　　　　　　　　　Solvent Law PLLC
　　　　　　　　　　　　　　　　　　　P.O. Box 10860
　　　　　　　　　　　　　　　　　　　St. Paul, MN 55110
　　　　　　　　　　　　　　　　　　　Tel: 651.371.4026
　　　　　　　　　　　　　　　　　　　jeff@solventlaw.com
　　　　　　　　　　　　　　　　　　　Attorney Reg: MN 0293362
　　　　　　　　　　　　　　　　　　　*Co-counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　*/s/ Kenneth L. Neeley*
　　　　　　　　　　　　　　　　　　　NEELEY LAW FIRM PLC
　　　　　　　　　　　　　　　　　　　1120 S. Dobson Rd. 230
　　　　　　　　　　　　　　　　　　　Chandler, AZ 85286
　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify and attest that I served ZuntaFi Corp with this Motion for Default Judgment at:

ZuntaFi Corp
c/o CEO Dawn Imrie
105 First Ave SW
Aberdeen, SD 57401

ZuntaFi Corp
c/o Rollyn H. Samp
PO Box 495
Sioux Falls, SD 57101

　　　　　　　　　　　　　　　　　　　Neeley Law Firm, PLC

　　　　　　　　　　　　　　　　　　　*/s/ Kenneth L. Neeley*
　　　　　　　　　　　　　　　　　　　Kenneth L. Neeley
　　　　　　　　　　　　　　　　　　　1120 S. Dobson Rd. 230
　　　　　　　　　　　　　　　　　　　Chandler, AZ 85286