IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MINNESOTA FOURTH DIVISION (ST. PAUL)

| | |
|---|---|
| In Re:<br>LASHIYA DANEASH STEWART,<br>　　　　Debtor. | In Proceedings Under Chapter 7<br><br>Bankruptcy Case No.: 23-30503 |
| LASHIYA DANEASH STEWART,<br>　　　　Plaintiff,<br>vs.<br>ZUNTAFI CORP,<br>　　　　Defendants. | Adversary Case No.: 24-03019<br><br>JUDGMENT AND MEMORANDUM OPINION |

**JUDGMENT AND MEMORANDUM OPINION**

**<u>GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

This matter comes before the Court on Plaintiff's, LaShiya Daneash Stewart's, Motion for Default Judgment and affidavit in support of Default Judgment.  A hearing was held on the Motion for Default on June 18, 2024 (hereinafter the "Hearing"). Appearing at the Hearing was Kenneth L. Neeley and Jeffrey Bursell, counsel for Plaintiff.  No one appeared on behalf of the Defendant, ZuntaFi Corp.  Plaintiff seeks a default judgment declaring that it would be an "undue hardship" for Plaintiff to pay the student loans, therefore, they are discharged pursuant to 11 U.S.C. § 727.  The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence and being otherwise fully advised.

**Procedural History**

The Plaintiff is the Debtor in Bankruptcy Case 23-30503.  Plaintiff filed a Chapter 7 petition on March 17, 2023.  The Debtor listed on her Schedule F, three debts owed to ZuntaFi totaling $30,524.00.  Debtor also indicated on her Schedule F that the three loans

owed to ZuntaFi are student loans. On April 27, 2023, the Trustee held Meeting of Creditors and Debtor appeared and was examined. The Chapter 7 Trustee issued her Report of No Distribution in which the trustee requested discharge and certified pursuant to Federal Rules of Bankruptcy Procedure that there are no non-exempt assets to distribute. On June 27, 2023, this Court granted the Debtor a discharge under section 727 of the Bankruptcy Code.

On February 16, 2024, the Debtor commenced this adversary proceeding by filing a complaint seeking to discharge the student loans held by Defendant, ZuntaFi Corp pursuant to 11 U.S.C. §523(a)(8) (D.E. No. 1). On April 12, 2024, Debtor filed her Amended Complaint seeking to discharge the student loans held by Defendant, ZuntaFi Corp pursuant to 11 U.S.C. §523(a)(8) (D.E. No. 7). Defendant, ZuntaFi Corp was served with the summons and complaint on April 15, 2024 but failed to respond. On May 24, 2024, Debtor filed a Motion for Default Judgment (D.E. No. 13). On May 25, 2024, the clerk entered a default against Defendant, ZuntaFi Corp. Plaintiff's Motion for Default was heard on June 16, 2024. Debtor's counsel appeared providing argument in support of the Motion for Default Judgment. Defendant, ZuntaFi Corp did not appear. This matter is now ripe for adjudication.

## Findings of Fact

The Plaintiff attended Institute of Production and Recording ("IPR"), a trade school in Minnesota from 2003-2005. Debtor applied for and received loans (the "Loans") from Academic Funding Group ("AFG") to fund her schooling at IPR during each of the years she attended school there ("subject debt"). Defendant, ZuntaFi Corp, is successor in interest to AFG as the holder of the promissory notes giving rise to the claim for which Plaintiff seeks a determination. Plaintiff attests that her past and present financial resources, and her financial resources that she can reasonably rely on in the future create an inability to maintain a minimal standard of living while paying for the student loans.

The Debtor has limited past, present, and reasonably reliable future financial resources which can be contributed to paying the subject debt.

Debtor and her two dependents' reasonably necessary living expenses consume all her available monthly income, thus leaving no excess income to pay the subject debt.

Debtor never received a degree from IPR, does not work in the field, and yet has made substantial good faith efforts in the past to pay the subject debt over the last 20 years.

## Conclusions of Law

The Eighth Circuit follows a flexible approach to determining "undue hardship" by using a totality of the circumstances test. *Fern v. FedLoan Servicing*, 563 B.R. 1,3 (B.A.P. 8th Cir. 2017). Three factors are evaluated to determine undue hardship under this test: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. *Id*. at 563 B.R. 4.

Plaintiff has demonstrated that she meets these three standards. As a result, the debt due to Defendant, ZuntaFi Corp is dischargeable in Debtor's chapter 7 bankruptcy proceedings pursuant to Bankruptcy Code Section 727.

The Motion for Default and supporting affidavit filed by the Plaintiff requests the Court to enter a default judgment pursuant to Federal Rule of Civil Procedure 55. *See* Fed. R. Civ.P. 55 and Fed. R. Bankr. P. 7055. Pursuant to Rule 55(a), a motion for default must prove by affidavit or otherwise a party's failure to plead or defend. Fed. R. Civ. P. 55(a). The Motion for Default filed by the Plaintiff's counsel complies with Rule 55(a) by setting forth in a separate affidavit Defendant ZuntaFi Corp's failure to defend.

In order for a default judgment to be entered pursuant to Rule 55(b), there must either be a sum certain for which the clerk may enter a default judgment, or a party must apply to the Court for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(1) and (b)(2). The entry of a default does not, in itself, permit the court to enter a final judgment against the defendant. The pleadings must contain a sufficient basis for the final judgment to be entered.

Plaintiff asserts that a sufficient basis has been provided.

**DECLARATION BY PLAINTIFF**

I, LaShiya Daneash Stewart, hereby verify under penalty of perjury that I have reviewed the foregoing facts. I attest that the facts contained herein that are based on my personal knowledge are true and correct to the best of my knowledge and belief.

Executed on this 30th day of August, 2024.

_____
LaShiya Daneash Stewart

**JUDGMENT**

Accordingly, **JUDGMENT** for the Plaintiff is granted, and it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion for Default Judgment (D.E. No. 13) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the relief sought in Debtor's Amended Complaint (D.E. No. 7) is hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness owed to ZuntaFi Corp is **DISCHARGEBLE** due to "undue hardship" pursuant to 11 U.S.C. §523(a)(8) and is considered **DISCHARGED** pursuant to Bankruptcy Code Section 727.

BY THE COURT:

DATED:

_____
WILLIAM J. FISHER
UNITED STATES BANKRUPTCY JUDGE