## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Lashiya Daneash Stewart,
                Debtor.

Bankruptcy No. 23-30503

Chapter 7

Lashiya Daneash Stewart,

                Plaintiff,
    v.

ZuntaFi,

                Defendant.

Adversary No. 24-03019

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

This matter came before the Court on the motion of Plaintiff LaShiya Daneash Stewart for entry of default judgment against Defendant ZuntaFi. Based upon the motion and all the files and records in this matter, the Court makes the following:

### FINDINGS OF FACT

1. The Plaintiff is the Debtor in Bankruptcy Case 23-30503. Plaintiff filed a Chapter 7 petition on March 17, 2023. The Debtor listed on her Schedule F, three debts owed to ZuntaFi totaling $30,524.00. Debtor also indicated on her Schedule F that the three loans owed to ZuntaFi are student loans.

2. On June 27, 2023, this Court granted the Debtor a discharge under section 727 of the Bankruptcy Code.

3. On February 16, 2024, the Debtor commenced this adversary proceeding by filing a complaint seeking to discharge the student loans held by Defendant, ZuntaFi Corp

1

pursuant to 11 U.S.C. §523(a)(8) (ECF No. 1).

4. On April 12, 2024, Debtor filed her Amended Complaint seeking to discharge the student loans held by Defendant, ZuntaFi Corp pursuant to 11 U.S.C. §523(a)(8). ECF No. 7.

5. Defendant, ZuntaFi Corp was served with the summons and complaint on April 15, 2024 but failed to respond.

6. On May 24, 2024, Debtor filed a Motion for Default Judgment (ECF No. 13).

7. On May 25, 2024, the clerk entered a default against Defendant, ZuntaFi Corp.

8. The Debtor attended Institute of Production and Recording ("IPR"), a trade school in Minnesota from 2003-2005.

9. Debtor applied for and received loans (the "Loans") from Academic Funding Group ("AFG") to fund her schooling at IPR during each of the years she attended school there ("subject debt").

10. Defendant, ZuntaFi Corp, is successor in interest to AFG as the holder of the promissory notes giving rise to the claim for which Plaintiff seeks a determination.

11. Plaintiff attests that her past and present financial resources, and her financial resources that she can reasonably rely on in the future create an inability to maintain a minimal standard of living while paying for the student loans.

12. The Debtor has limited past, present, and reasonably reliable future financial resources which can be contributed to paying the subject debt.

13. Debtor and her two dependents' reasonably necessary living expenses consume all her available monthly income, thus leaving no excess income to pay the subject debt.

14. Debtor never received a degree from IPR, does not work in the field, and yet has made substantial good faith efforts in the past to pay the subject debt over the last 20 years.

## CONCLUSIONS OF LAW

1. The Plaintiff has affected proper service upon Defendant and Defendant is in default with respect to defense of this adversary proceeding. Therefore, Plaintiff is entitled to entry of

    judgment by default.

2. The Eighth Circuit follows a flexible approach to determining "undue hardship" by using a totality of the circumstances test. *Fern v. FedLoan Servicing*, 563 B.R. 1,3 (B.A.P. 8th Cir. 2017). Three factors are evaluated to determine undue hardship under this test: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. *Id.* at 563 B.R. 4.

3. Plaintiff has demonstrated that she meets these three standards. As a result, the debt due to Defendant, ZuntaFi Corp, is dischargeable under 11 U.S.C. § 727 because excepting this debt from discharge would impose an undue hardship on Plaintiff, pursuant to 11 U.S.C. § 523(a)(8).

## ORDER FOR JUDGMENT

1.     Plaintiff is entitled to entry of judgment by default.

2.     The indebtedness owed to Defendant ZuntaFi Corp is DISCHARGEABLE due to "undue hardship" pursuant to 11 U.S.C. §523(a)(8) and is considered DISCHARGED pursuant to Bankruptcy Code Section 727.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: *September 5, 2024*　　　　　　　　　　　*/e/William J. Fisher*
　　　　　　　　　　　　　　　　　　　　　　　William J. Fisher
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge